### J. W. McDANIEL v. THE STATE.

No. 1196.  Decided May 17, 1911.

Rehearing denied October 18, 1911.

**1.—Assault to Murder—Sufficiency of the Evidence.**

Where, upon trial of assault to murder the evidence sustained the conviction, there was no error.

**2.—Same—Charge of Court—Manslaughter.**

Where, upon trial of assault to murder, the court properly submitted the issue of manslaughter and aggravated assault, there was no error in refusing special instructions thereon.

**3.—Same—Charge of Court—Self-Defense.**

Where the court's charge was more favorable than the requested instructions on self-defense, there was no error.

**4.—Same—Charge of Court—Reasonable Doubt.**

Where the court instructed the jury on the application of reasonable doubt as between degrees, and on the whole case, this was sufficient, in the absence of requested charges.

**5.—Same—Charge of Court—General Reputation.**

Where the court charged the jury on the presumption of innocence, there was no error in refusing a charge on the good reputation of the defendant, as this was not in issue.

Appeal from the District Court of Lamar.  Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The testimony of the chief State's witness was in substance; that he and defendant met in the prosecutor's field while the latter was plowing, and that the defendant accused him of telling a lie on him; that they had had some words about some fish, which defendant had sent prosecutor, and which were unsatisfactory to the latter; that when the prosecutor denied having told a lie on defendant, the latter pulled

out his pistol and fired at the prosecutor and one shot hit him in the back of the neck, felling him to the ground; that prosecutor had nothing but his pipe in his hand and was unarmed at the time.

The appellant claimed that prosecutor had made an attack upon him and that he acted in self-defense.

*B. Birmingham & B.* and *B. B. Stingem,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of assault to murder on C. E. Caldwell, and sentenced to two years confinement in the penitentiary.

1. The first ground in the motion for a new trial alleges that the evidence is insufficient to sustain the conviction. If the witnesses introduced on behalf of the State are to be believed, the evidence shows an attack by defendant on Caldwell, with the specific intent to kill. It is true, the evidence on behalf of the defendant raised the issue that he shot Caldwell in defense of an assault made on him, but this issue was submitted to the jury, and they found against appellant's contention.

2. Appellant complains that the court failed to give in charge the statutory definition of manslaughter. No special charge was requested, amplifying the charge of the court on this phase of the case. The elements, as applicable to this case, were defined in the court's charge, and the jury was instructed that if the shooting took place under such circumstances, defendant, if guilty, would be guilty only of aggravated assault. Pollard v. State, 58 Texas Crim. Rep., 299.

3. Appellant complains of the failure of the court to give in charge, instructions Nos. 1 and 2, requested by defendant. These both relate to defendant's right to defend himself against real or apparent danger as viewed from his standpoint. The court, in his main charge, presents the right to defend himself in a more favorable light than do the two instructions requested, and having presented the matter in his main charge, there was no error in refusing to give the two charges requested.

4. There is complaint that the court did not instruct on reasonable doubt in those paragraphs of the charge in which the jury was told under what circumstances the shooting would amount to an aggravated assault only, in case they found the defendant guilty. The court instructed the jury on the application of reasonable doubt as between degrees, and on the whole case, and in the absence of requested charges, this has been held to be all that is necssary. Cockerell v. State, 32 Texas Crim. Rep., 585.

5. Appellant introduced evidence that his reputation as a peaceable, lawabiding citizen was good, and there was no contest on this issue.

Defendant requested the court to charge the jury: "Evidence of good reputation of the defendant has been introduced before you. You are instructed that where the good reputation of the defendant is established by the evidence, it is affirmative evidence for the defendant and accompanies him throughout the trial as an affirmative fact to be considered by you in determining his guilt or innocence." Every person is presumed to have a good reputation unless the contrary appears in the evidence. The court charged the jury on the presumption of innocence, and there was no error in refusing this special instruction.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 18, 1911.—Reporter.]